KOZLOFF STOUDT
Professional Corporation
By:    Jeffrey R. Elliott, Esquire
        Attorney I.D. #38147
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                          ATTORNEYS FOR PLAINTIFF

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON J. MANDEL, | : No. |
| | : CIVIL ACTION -LAW |
| Plaintiff | : JURY TRIAL DEMANDED |
| | : |
| vs. | : |
| | : |
| M & Q PACKAGING CORP., a | : |
| Subsidiary of M & Q PLASTIC | : |
| PRODUCTS, INC. | : |
| | : Assigned to: |
| Defendant | : |

---

## COMPLAINT

---

1

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. Sections 1331 and 1343; 42 U.S.C. Section 2000e, *et seq.,* as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1866, 42 U.S.C. Section 2000e-5(f); and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Equal Employment Opportunity Act of 1972, and the Civil Rights Act of 1991.

2.    Defendant's conduct with respect to Plaintiff violates the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. Section 951, *et seq.,* and the pendent jurisdiction of this Court is invoked to remedy that violation.

3.    Plaintiff has complied with all jurisdictional prerequisites, including those set forth in 42 U.S.C. Section 2000e-5(f), and has exhausted all required state and federal administrative remedies, including proceeding before the United States Equal Employment Opportunity Commission, with dual-filing in the Pennsylvania Human Relations Commission.  (A true and correct copy of the "Notice of Suit Rights" from the Equal Employment Opportunity Commission dated October 21, 2008 is attached as Exhibit "A").

4.    The amount in controversy exceeds One Hundred and Fifty Thousand Dollars and 00/100 ($150,000.00) exclusive of interest and costs.

5.    Defendant, M & Q Packaging Corp., subsidiary of M & Q Plastic Products, Inc., transacts business within the Commonwealth of Pennsylvania, and is engaged in interstate and intrastate commerce, and the acts in question were committed at Defendant's place of business in Schuylkill Haven, Schuylkill County, Pennsylvania.

## PARTIES

6.    Plaintiff, Shannon J. Mandel, is a female citizen of the United States of America.    During all relevant time periods, Plaintiff has resided in the Commonwealth of Pennsylvania, with an address of 1798 Tanglewood Road, Orwigsburg, Schuylkill County, Pennsylvania 17961.

7.    Defendant, M & Q Packaging Corporation, is a corporation registered and authorized to conduct business in the Commonwealth of Pennsylvania, with an address of Earl Street, Schuylkill Haven, Pennsylvania 17972, and with corporate headquarters of its parent corporation located at 1120 Welsh Road, Suite 170, North Wales, Pennsylvania 19454.

8.    Defendant is a producer and distributor of diversified polyamide nylon film product lines.

9.    Defendant is an "employer" within the meaning of 42 U.S.C. Section 2000e-(b), as it employs well in excess of the threshold number of persons required

to be an "employer" subject to federal and state civil rights and equal employment opportunity laws.

10. Defendant is an actor in interstate commerce as defined by federal law.

## FACTUAL BACKGROUND

11. Plaintiff was hired by Defendant on October 25, 1996 as an Inside Sales Person.

12. During her employment with Defendant, Plaintiff worked in several positions, with her position title as of her last day of employment being Customer Service Manager.

13. Throughout her employment, Plaintiff was subjected to sexual harassment and sex discrimination.

14. The sexual harassment sustained by Plaintiff includes, but is not limited to:

a) being referred to as "Woman," "Darling," "The Woman," "Fluffy," "Missy," "Hon," and "Toots";

b) comments about Plaintiff's legs, including how tan and smooth they were;

4

c)      being asked, when she would wear a dress to work, whether she had a date or was having lunch at a hotel across the street;

c)      Being told by a male co-worker that she would not get anywhere with Defendant and was "foolish not to use [her] assets" and that she was "sitting on a gold mine, really, *sitting* on a gold mine."

d)      Being told when she asked for directions to a meeting at Defendant's Corporate Headquarters that they would "start at his house and continue from there";

c)      being told by Harold Brenneman, Quality Manager, that he fantasized about what it would be like to have her rub his back with her fingernails, and fantasized about her when he was having sex with his wife so he could "finish";

d)      being asked by Larry Dahm, Department Manager, at a time when Plaintiff was single and not dating whether she was a "lettuce sniffer," meaning "lesbian," (to which she replied "no");

e)      being told by Jack Conway, Human Resources Manager, when she told him that she would need time off for gynecological surgery, that it was a shame that she had to "stoop to that level to take time off";

f)      having her shoes (high heels) referred to by Conway as "beat me bite me shoes";

5

g)    being asked by Ernie Bachert, Plant Manager, when she informed him that she was going to the chiropractor due to a neck injury incurred by a fall in the shower whether she had hurt herself having sex;

h)    being told in a review that she was "too female" and "too emotional" and,

i)    Being solicited for dates (with the implied purpose of engaging in sexual relations) by the Vice President of Sales, even after she advised him that she was not interested because she was married; and,

j)    being called a "bitch" by Bachert.

15.    The sex discrimination sustained by Plaintiff includes but is not limited to:

a)    Being forced to clean bathrooms and scrub urinals where similarly situated male managers were not forced to perform such menial tasks;

b)    Being forced to make coffee when similarly situated male managers were not forced to do so;

c)    Being reprimanded for not attending the Holiday Luncheon and told that it was a mandatory function when similarly situated male managers missed such company functions and were not reprimanded;

6

d)    Being told not to speak with other female employees, when male employees were not so directed

e)    Being paid a lower salary than male managers with lesser or equal seniority, experience, and responsibilities;

f)    Not being offered career advancement or a commission package, where male employees with less seniority and experience were offered such benefits; and,

g)    Being subjected to greater scrutiny and harsher discipline than similarly situated male employees.

16.    On April 6, 2007, Bachert came into Plaintiff's office to discuss delays in orders.

17.    Bachert screamed at Plaintiff, made accusations of wrongdoing, and called her a "bitch" in response to her legitimate explanations.

18.    Bachert's conduct was physically threatening to Plaintiff.

19.    Plaintiff, on this occasion and others, complained to the General Manager, Mike Schmal, about the sexual harassment and sex discrimination that she was suffering at the hands of officials and employees of Defendant.

20.    Subsequent to, and as a result of, such complaints, Plaintiff was retaliated against and was subjected to further discriminatory, harassing, and physically threatening treatment by officials and employees of Defendant.

7

21.    On or about May 23, 2007, Plaintiff resigned from her employment. The resignation was due to intolerable conditions amounting to a constructive termination of employment.

22.    Male employees, and female employees who did not complain of discrimination and harassment, were treated more favorably and partially, and were not subjected to the above-referenced treatment.

23.    Plaintiff, during the entirety of her employment with Defendant, carried out all job-related tasks in a good and workerlike manner, and in accordance with the instructions of supervisors and superiors, and in accordance with Defendant's policies.

24.    Defendant has no equal employment opportunity policy in place in their workplace; or, in the alternative, any policy which Defendant may claim to have in place was at all times material and relevant hereto inadequate, totally ineffective, and legally insufficient.

25.    At all times material and relevant hereto, Defendant had no complaint procedure in place by which an employee subjected to discrimination could complain to Defendant for remedy; and, notwithstanding the lack of legally sufficient equal employment opportunity policies and training, and lack of any cognizant or effective complaint procedure by which to make a complaint, had no established investigative procedures in the event of any such complaints.

## COUNT I
## GENDER BASED DISCRIMINATION UNDER
## SECTION 703 OF TITLE VII,
## 42 U.S.C. SECTION 2000e-2

26.    The averments set forth in Paragraphs 1 through 25, above, are incorporated by reference as if the same were set forth more fully at length herein.

27.    The conduct of its managers, employees, officials, and supervisors as set forth above, is attributable to Defendant under the doctrine of *respondeat superior*.

28.    The conduct in question, including the sexual harassment, and the failure to properly investigate and remediate complaints of discrimination and harassment, was directed to Plaintiff due to Plaintiff's gender (female).

29.    The termination of Plaintiff's employment was the direct and proximate result of Plaintiff's gender.

30.    In the alternative, the termination of Plaintiff's employment was in retaliation for her complaints of harassment and discrimination to her supervisors and to management.

31.    The actions in question were severe, pervasive, and were not isolated incidents.

32.    The conduct in question was both subjectively and objectively offensive to Plaintiff as a reasonable female of normal sensitivities and sensibilities.

33.    The harassment in question created a hostile work environment, and precluded Plaintiff from properly performing her job functions.

34.    The acts, failures to act, practices, and policies of Defendant as set forth above, constitute unlawful and intentional discrimination against Plaintiff because of her sex or gender, i.e. female, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972, and the Civil Rights Act of 1991, 42 U.S.C. 2000e-2.

35.    Any alleged non-discriminatory reason for Plaintiff's termination offered by Defendant is pretextual and retaliatory, and not the true reason for the termination.

WHEREFORE, Plaintiff respectfully requests judgment in her favor, and against Defendant and award relief including but not limited to the following:

a)    Reimbursement for all costs, expenses, and financial losses Plaintiff has incurred as a result of the actions of Defendant;

b)    Reasonable attorneys' fees and costs;

c)    Compensatory damages;

d)    Punitive Damages; and,

e)    Any and all other relief as the Court may deem appropriate.

## COUNT II
## SEXUAL HARASSMENT UNDER SECTION 703 OF TITLE VII, 42 U.S.C. 2000e-2

36. The averments set forth in Paragraphs 1 through 35, above, are incorporated by reference as if the same were set forth more fully at length herein.

37. The above-referenced acts were pervasive, severe, and regular.

38. The acts in question detrimentally affected Plaintiff, and caused physical and psychological injury.

39. The unwelcome and offensive sexual/gender-based remarks, comments, requests for dates, unwelcome solicitation of a personal relationship and for time alone together would detrimentally affect a reasonable person of the same sex as Plaintiff (female) in that position.

40. The perpetrators of this conduct, during all times relevant to this action were employees of Defendant, giving rise to liability to Defendant corporation under the doctrine of *respondeat superior*.

41. Defendant failed to properly investigate and take prompt remedial action upon receiving complaints from Plaintiff of the above-referenced harassment and discrimination, allowing such harassment and discrimination to continue unabated.

42. The conduct as described hereinabove, as well as the conduct of officials of Defendant who were made aware of the sexual harassment, and failed

11

to take steps to remediate it, created a hostile and offensive work environment for Plaintiff.

43.    The acts in question were not isolated incidents, as they occurred unabated on a daily basis.

44.    The above-referenced actions constituted hostile work environment sexual harassment.

45.    The unjustified termination of Plaintiff's employment was in direct retaliation for Plaintiff's having made the aforementioned complaints.

46.    Plaintiff, by the conduct set forth at length above, was harassed and discriminated against because of her gender, and suffered retaliation for making complaints of sexual harassment and sex discrimination.

47.    The acts, failures to act, practices, and policies of Defendant, through its officers, directors, owners, supervisors, managers, and employees, as set forth above, constitute sexual harassment in violation of Section 703 of Title VII, 42 U.S.C. Section 2000e-2.

48.    Defendant has no defense to these claims, as it has failed or refused to take all reasonable steps required by law to prevent and/or remedy the hostile workplace environment described herein, and Plaintiff was terminated/constructively terminated after complaining of sexual harassment by an individual with supervisory authority over her.

WHEREFORE, Plaintiff respectfully requests judgment in her favor, and against Defendant, and an award granting her relief including but not limited to the following:

a)    Back pay and all other benefits, perquisites, and compensation which Plaintiff would have received had she maintained her employment, including but not limited to lost wages, pay increases, and bonuses;

b)    Front pay;

c)    Reimbursement for all costs, expenses, and financial losses Plaintiff has incurred as a result of the above-described actions;

d)    Reasonable attorneys' fees and costs;

e)    Compensatory damages;

f)    Punitive damages; and,

g)    Such other relief as the Court may deem appropriate.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT

49.    The averments set forth in Paragraphs 1 through 48, above, are incorporated by reference as if the same were set forth more fully at length herein.

50.    The acts in question, including gender discrimination and gender-based harassment, and retaliation for engaging in protected activity (e.g., complaining to supervisors and to management of the discrimination and

13

harassment which Plaintiff was experiencing), are in violation of the Pennsylvania Human Relations Act.

51.   Solely as a result of the aforesaid injuries, Plaintiff has been and in the future may be prevented from attending to her usual and customary occupation and duties, to her great financial detriment and loss.

WHEREFORE, Plaintiff respectfully requests judgment in her favor, and against Defendant, and award relief including but not limited to the following:

a)   Reimbursement for all costs, expenses, and financial losses Plaintiff has incurred as a result of the actions of Defendant;

b)   Reasonable attorneys' fees and costs;

c)   Compensatory damages;

d)   Any and all other relief as the Court may deem appropriate.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.   Plaintiff incorporates by reference the averments contained in Paragraphs 1 through 51, inclusive, of the within Complaint as fully as though the same were set forth here at length.

53.   The above-referenced bad actors continuously engaged in the aforesaid sexually harassing and offensive behavior towards Plaintiff despite being

14

told by her that she found such conduct to be unwelcome, unwanted, offensive, and alarming.

54. The aforesaid conduct was engaged in by employees of Defendant. The conduct, however, was unrelated to Plaintiff's employment, was personal to Plaintiff, and was not a part of the working relationship.

55. Owners, managers, and supervisors of Defendant routinely ignored or turned a blind eye to the aforesaid threatening, persistent, sexually harassing, discriminatory and offensive conduct.

56. Any alleged remedial action by Defendant was ineffectual and untimely.

57. The aforesaid employees, agents, managers, and supervisors of Defendant retaliated against Plaintiff for complaining about the sexual harassment and sex discrimination to which she was subjected, and treated her more harshly than other employees who had not complained of sexual harassment or sex discrimination.

58. Plaintiff complained to supervisors and other managers of Defendant regarding the aforesaid sexually harassing and offensive conduct, but her complaints were ignored, not properly investigated, as a result of which the behavior was not stopped or prevented from continuing.

59. All of the aforesaid individuals, including the owners, managers and supervisors of Defendant, continued in the aforesaid course of inaction and retaliation, despite Plaintiff's repeated complaints.

60. Defendant is liable for the aforesaid acts and failures to act of its owners, managers, supervisors and employees within the scope of their employment with Defendant under the doctrine of *respondeat superior*.

61. The aforesaid acts and omissions were extreme, outrageous, and highly offensive to Plaintiff as a female of normal sensibilities and sensitivity and unacceptable under the norms of a civilized society.

62. Defendant knew, had reason to know, or should have known that the aforesaid acts and omissions of its employees, owners, managers and supervisors conduct would cause severe emotional, physical and psychological harm to Plaintiff.

63. As a direct and proximate result of the aforesaid acts and omissions, Plaintiff has been and is greatly injured in her good name, credit, and reputation, to her great financial loss and detriment.

64. As a further direct and proximate result of the aforesaid acts and omissions, Plaintiff has suffered severe emotional distress, pain, anguish, humiliation, and embarrassment, and injury resulting from her emotional distress.

65. Solely as a result of the aforesaid injuries, Plaintiff has been or may in

16

the future be required to incur significant expenses in seeking and securing medical treatment and counseling in an effort to cure herself of her injuries.

66.    Solely as a result of the aforesaid injuries, Plaintiff has been and in the future may be prevented from attending to her usual and customary occupation and duties, to her great financial detriment and loss.

WHEREFORE, Plaintiff respectfully requests judgment in her favor, and against Defendant, and an award granting her appropriate relief including but not limited to all of the following:

a)    Back pay and all other benefits, perquisites, and compensation which Plaintiff would have received had she maintained her employment, including but not limited to lost wages, pay increases, and bonuses;

b)    Front pay;

c)    Reimbursement for all costs, expenses, and financial losses Plaintiff has incurred as a result of Defendant's aforesaid conduct;

d)    Reasonable attorneys' fees and costs;

e)    Compensatory damages;

f)    Punitive Damages; and,

17

g)      Any and all other relief as the Court may deem appropriate.

**KOZLOFF STOUDT**
Professional Corporation


_____/S/_____

Jeffrey R. Elliott, Esquire
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552

**EXHIBIT A**

204404-1
due 1/19/09

EEOC Form 161 (rev 2/17/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Shannon Mandel
1798 Tanglewood Road
Orwigsburg, PA 17961

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ]   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2007-04446 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

Marie M. Tomasso, District Director

October 21, 2008

*(Date Mailed)*

Enclosure(s)

Information Sheet

cc:   M and Q Packaging
Jeffrey R. Elliott, Esquire (For Charging Party)
Catherine T. Barbieri, Esquire (For Respondent)

OCT 2 2 2008